817 F.2d 102
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JOHN D. COPANOS & SONS, INC.; John D. Copanos, individually
and; Kanasco Ltd., Plaintiff--Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, in his official capacity as Secretary of Health
and Human Services; Frank E. Young, in his official
capacity as Commissioner of United States Food and Drug
Administration; Thomas Hooker, Director, Baltimore District
Office, U.S. Food and Drug Administration; John Does,
Unknown individual and defendants to be made parties as
their identities are learned during the course of discovery,
Defendant--Appellee.
JOHN D. COPANOS & SONS, INC.; John D. Copanos, individually
and; Kanasco Ltd., Plaintiff--Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, in his official capacity as Secretary of Health
and Human Services; Frank E. Young, in his official
capacity as Commissioner of United States Food and Drug
Administration; Thomas Hooker, Director, Baltimore District
Office, U.S. Food and Drug Administration; John Does,
Unknown individual defendants to be made parties as their
identities are learned during the course of discovery,
Defendant--Appellee.
 Nos. 86-2136, 86-2147.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 2, 1987.
Decided April 24, 1987.
 
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and SPENCER, District Judge for the Eastern District of Virginia, sitting by designation.
 Jerald J. Oppel; Kevin A. Dunne; Ober, Kaler, Grimes & Shriver, on brief, for appellants.
 Lawrence G. McDade, Attorney, Civil Division, U. S. Department of Justice; Eric M. Blumberg, Associate Chief Counsel for Enforcement, U.S. Food and Drug Administration, on brief, for appellees.
 PER CURIAM:
 
 
 1
 This appeal arises out of the grant of summary judgment in favor of the United States secretary of Health and Human Services and various employees of the United States Food and Drug Administration. Although appellants originally brought suit under a variety of charges, the only claims which remain to be dealt with on this appeal are appellants' allegations that agents of the Food and Drug Administration, in carrying out their investigation of appellants' drug manufacturing activities, both violated appellants' rights to due process and equal protection under the United States Constitution and that said agents defamed appellants. The constitutional claims fail because no notice of appeal was properly filed. Judgment was properly entered against appellants as to their defamation claim based upon both governmental immunity grounds and insufficient evidence.
 
 I.
 
 2
 John D. Copanos, and his two companies, John D. Copanos and Sons, Inc., and Kanasco, Ltd. (Copanos), have been involved in an ongoing dispute with the Food and Drug Administration (FDA) for several years. Copanos and his companies manufacture and distribute both human and veterinary parenteral (injectable) antibiotic drugs in the United States. While the companies were prohibited from manufacturing their products because of various safety violations found at their plants by FDA agents, Copanos sued the FDA alleging, among other things, that the agents, through their investigations and their treatment of Copanos and his employees, violated the constitutional rights of Copanos and his companies to due process and equal protection under the law. Furthermore, Copanos alleged that the FDA had violated certain agreements which it had with him and his companies, and that FDA agents had, by their statements regarding Copanos' past employment with a business which suffered arson, slandered him with allegations that a "greek fire" had destroyed some of his former employer's facilities. in the motions for summary judgment, Copanos supported the allegations of his complaint only with his own affidavits. Although FDA records existed which identified all FDA agents associated with the Copanos investigation and identified the times when such ,agents were on the Copanos premises, the complaint itself never identified the majority of the agents alleged to have defamed Copanos or violated his constitutional rights.
 
 
 3
 The gist of Copanos' appeal is a belief that this case warrants discovery. Although no substantial evidence has been presented in support of any of the allegations, Copanos asserts a right to extend this litigation in a continuous effort to locate facts upon which to base the claims which have already been pled. This effort fails as a matter of law under Harlow v. Firzgerald, 457 U.S. 800 (1982).
 
 II.
 
 4
 First, when appellants filed their notice of appeal regarding the constitutional claims on August 8, 1986, their motion for reconsideration of the district court's July 8, 1986 order relating to the defamation claims was pending. Subsequent to the denial of their motion for reconsideration, Copanos filed a second notice of appeal which sought relief only with regard to the defamation claims. Under Fed. R. App. P. 4(a)(4), if a timely motion is filed under Fed. R. Civ. P. 59 to alter or amend the judgment, the time for appeal for all parties runs from the entry of the order denying or granting such motion. A notice of appeal filed before the disposition of this motion shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion.
 
 
 5
 A notice of appeal filed before the disposition of the case under a Rule 59 motion shall have no effect. Such a filing is a nullity. Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 61 (1982); see also, Sine v. Local 992. International Brotherhood of Teamsters, 790 F.2d 1095 (4th Cir. 1986). Because it lacks jurisdiction based upon the improperly filed notice of appeal, this court need not address the otherwise meritless constitutional claims of Copanos.
 
 III.
 
 6
 Copanos did properly preserve for appeal the issue of whether the district court erred in denying the motion for reconsideration of the defamation claim. The district court presented Copanos with at least three opportunities to submit affidavits containing evidence other than bare allegations of the FDA's misconduct. Each time, John D. Copanos submitted an affidavit in which he reiterated the charges he had made before and stated that without discovery it was impossible to gather sufficient evidence to warrant a trial.
 
 
 7
 The district court correctly ruled that even if the alleged defamatory statement was made, the unidentified "John Doe" defendant making the statement was acting within the outer perimeter of his employment duties when the act complained of occurred. The statement was clearly made by a superior in the act of providing background information to his FDA subordinates.
 
 
 8
 In Harlow v Fitzgerald, 457 U.S. 800 (1982) the Supreme Court explained that a lower court should analyze a government official's claim of qualified immunity by first analyzing the objective aspect of qualified immunity: whether the alleged violation of law was clearly established so that a reasonable man would have known the law. If the law is not clearly established, qualified immunity applies and summary judgment should be granted for the defendant. Until the threshold immunity question is resolved, discovery should not be allowed. 457 U.S. at 818. In suits against government agencies, once the issue of immunity has been raised, pre-trial matters such as discovery are to be avoided, if possible, because such activities can be peculiarly disruptive of effective government. 457 U.S. at 817.
 
 
 9
 In this case, Copanos' repeated demands for discovery were properly denied. In three affidavits and numerous memoranda before the district court, Copanos never provided a sufficient basis for the court to believe that a credible defamation claim existed. The district court provided Copanos with numerous opportunities to expand the record in an effort to demonstrate a viable claim. The district court enjoys broad discretion in discovery matters and will be reversed only for an abuse of that discretion. See Harden v. Adams, 760 F.2d 1158, 1167 (11th Cir.), cert denied sub. nom., Grimmer v. Harden, --U.S. ----, 106 S.Ct. 530 (1985). Clearly, the district court did not abuse its discretion in this case.
 
 
 10
 We have considered the other issues raised in this appeal and find them to be equally meritless.
 
 
 11
 AFFIRMED.